CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA.
JUL 0 8 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEREK GILMAN, | |
| Plaintiff, | Civil Action No. 7:09-cv-00156 |
| v. | MEMORADUM OPINION |
| JETBROADBAND VA, LLC, | By: Hon. James C. Turk |
| Defendant. | Senior United States District Judge |

This matter is presently before the court on Plaintiff Derek Gilman's Objection to Removal (Dkt. No. 6) and Defendant JetBroadband VA, LLC's Motion to Dismiss (Dkt. No. 3). The court heard oral argument on the Motions on June 17, 2009, and through an Order issued June 18, 2009 (Dkt. No. 14), the court granted ten additional days to each party to file supplemental argument or authority. Both parties filed such responses, and the matter is now ripe for decision. For the reasons that follow, the court will remand the case back to the Circuit Court for the City of Radford, Virginia.

I.

Plaintiff Derek Gilman ("Gilman") filed the Complaint in this matter in the Circuit Court of Radford, Virginia, on or about March 31, 2009, alleging various claims arising from an employment contract dispute with Defendant Jetbroadband VA, LLC ("Jetbroadband"). The pertinent portions of Gilman's Complaint state as follows:

5. Plaintiff was hired by Dan Nofs, Senior Vice President of Engineering and David Baum, President of JetBroadband after turning down two previous offers from Defendant because they lacked sufficient salary and bonuses, three weeks of vacation time and a two-year job guarantee.

6. Plaintiff accepted employment with Defendant after being guaranteed sufficient salary and bonuses, three weeks vacation time and a two-year job guarantee but was wrongfully terminated from his employment with

> Defendant prior to the conclusion of that agreement because Plaintiff refused to falsify information regarding an evaluation of Jonathan Greenway, an employee that Defendant planned to terminate and did terminate due to his attempt to unionize JetBroadband VA, LLC.
>
> 7. As a result of Plaintiff's termination, Plaintiff's employment contract, both express and implied, was breached, thereby depriving Plaintiff of the salary, bonuses, and benefits that he was entitled to.
>
> 8. Also as a result of Plaintiff's termination, Plaintiff was defamed by Defendant and suffered emotional distress.
>
> 9. Furthermore, Plaintiff was retaliated against by Defendant for his refusal to partake in illegal and immoral actions against a fellow employee, Jonathan Greenway, because of his union activities in violation of 29 U.S.C. 157 and 29 U.S.C. 158(a)(1).

(Compl. at ¶ 5-9).

On or about May 1, 2009, JetBroadband filed a Notice of Removal, thereby removing the action to this court. JetBroadband also filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As its justification for removal, JetBroadband contends that Gilman's Complaint facially asserts a claim under the National Labor Relations Act ("NLRA"), see 29 U.S.C. § 151, et seq., particularly 29 U.S.C. §§ 157 and 158(a)(1) (i.e., Sections 7 and 8 of the NLRA), thereby invoking "federal question" subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1] JetBroadband cites to Paragraph 9 of the Complaint to support this argument, specifically Gilman's allegation that he was "retaliated against by Defendant for his refusal to partake in illegal and immoral actions against a fellow employee . . . because of his union activities <u>in violation of 29 U.S.C. 157 and 158(a)(1)</u>." (Compl. at ¶9) (emphasis added). JetBroadband further contends that Section 8 of the NLRA completely preempts the remainder of Gilman's Complaint—i.e., state law claims for wrongful termination, breach of contract, and

---

[1] 28 U.S.C. § 1331 states as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2

defamation. On account of this alleged complete preemption, JetBroadband argues that Gilman's state law claims essentially "arise under" federal law and can be removed pursuant to 28 U.S.C. §1331 as well. In the alternative, JetBroadband argues that the state law claims form part of the same case or controversy as the Paragraph 9 claim, such that supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367(a).[2]

Gilman objects to JetBroadband's reasoning and argues that the Complaint does not invoke a claim under the NLRA. According to Gilman, the Complaint cites to 28 U.S.C. §§ 157 and 158(a)(1) only to point out the fact that JetBroadband requested Gilman to perform acts that would have been illegal under the NLRA. Gilman contends that this mere mention of a federal statute in the course of setting forth his state law claims does not confer federal subject matter

---

[2] 28 U.S.C. § 1367 states as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

(e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

jurisdiction pursuant to 28 U.S.C. § 1331. He further contends that complete preemption does not provide a basis for removal jurisdiction either. Accordingly, Gilman seeks to have the case remanded back to the State Circuit Court for adjudication of his state law claims.

## II.

The subject matter jurisdiction of a federal district court extends to any case "arising under" the Constitution, laws, and treaties of the United States. 28 U.S.C. § 1331; see also U.S. Const. art. III, § 2, cl. 1. Federal statute may limit this jurisdiction, however, as is the case with claims alleging unfair labor practices. See 29 U.S.C. § 160. In this legal realm, "Congress [has] created a 'complex and interrelated federal scheme of law, remedy, and administration'" by means of the NLRA, Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1397 (9th Cir. 1988) (citing San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245 (1959)), and the Supreme Court has considered it "essential to the administration of the NLRA that determinations regarding the scope and effect of [the NLRA] 'be left in the first instance to the National Labor Relations Board'" ("NLRB"). Id. (citing United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus., Local No. 57 v. Bechtel Power Corp., 834 F.2d 884, 886-87 (10th Cir. 1987)).[3] Therefore, "Sections 7 and 8 [of the NLRA] do not confer original federal court jurisdiction over actions within their scope; they confer jurisdiction in the first instance upon the [NLRB]." Id.; see also Buckley v. American Federation of Television & Radio Artists, 496 F.2d 305, 312 (2d Cir. 1974) (citing San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245 (1959) (federal district courts are "not primary tribunals to

---

[3] The court notes two limited exceptions to this rule. First, 29 U.S.C. § 160(e) gives district courts jurisdiction to hear petitions for enforcement of an NLRB order and/or for temporary relief if all courts of appeals to which a similar application could be made are in vacation. Second, 29 U.S.C. § 185 gives district courts jurisdiction to hear suits brought pursuant to the Labor Management Relations Act, see 29 U.S.C. § 141 et seq., for violations of contracts between an employer and a labor organization.

4

adjudicate [issues governed by Sections 7 and 8 of the NLRA]"); accord Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees v. Lockridge, 403 U.S. 274 (1971)).[4]

Similarly, when a state attempts to regulate conduct that the NLRA prohibits or protects, "due regard for the federal enactment [of the NLRA]" requires that the state's jurisdiction yield as well. Id. at 244-45. As the Supreme Court has explained, "[t]o leave the States free to regulate conduct so plainly within the central aim of [the NLRA] involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law." Id. at 244. For that reason, under so-called "Garmon preemption," when an activity is "arguably subject" to Sections 7 or 8 of the NLRA, a state court's jurisdiction to hear claims related to the regulation of that activity is "displaced" by the NLRB. Id. at 246; see also id. at 245 ("What is outside the scope of [the federal courts'] authority cannot remain within a State's power and state jurisdiction too must yield to the exclusive primary competence of the Board").[5] Such claims must be brought—if at all—before the NLRB, see Garmon, 359 U.S. at 245 ("when an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted"), and a plaintiff may not remove preempted state claims to

---

[4] Of course, the subject matter jurisdiction of a Federal Court of Appeals is not so limited. See 29 U.S.C. 160(f) ("Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any court of appeals of the United States in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such court a written petition praying that the order of the Board be modified or set aside.").

[5] In Garmon, the Supreme Court noted two exceptions to complete preemption, specifically that:

> "[D]ue regard for the presuppositions of our embracing federal system . . . has required us not to find withdrawal from the States of power to regulate where the activity regulated was a merely peripheral concern of the Labor Management Relations Act. Or where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer Congress had deprived the States of the power to Act."

Garmon, 359 U.S. at 243-44.

5

a federal district court. See Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1166 (10th Cir. 2004) ("Garmon preemption provides no basis for removal jurisdiction in federal court"); Ethridge, 861 F.2d at 1397 ("Under principles announced in [Garmon], both state and federal courts generally lack original jurisdiction to determine disputes involving conduct actually or arguably protected or prohibited by the NLRA . . . [and] when a district court lacks original jurisdiction, it likewise lacks removal jurisdiction.").

Furthermore, the applicability of Garmon preemption "must be addressed in the first instance by the state court in which [the Plaintiff] filed [his] claims" and should not be decided by a federal district court. Ethridge, 861 F.2d at 1400 (emphasis in original); see also Suarez v. Gallo Wine Distribs. LLC, 2003 U.S. Dist. LEXIS 2821 (S.D.N.Y. Mar. 3, 2003) ("[I]f the defendant had wanted to invoke Garmon preemption, "it should have done so in state court" because the "assertion of Garmon preemption does not create a federal question for federal court jurisdiction . . . . If the Garmon doctrine indeed preempts [plaintiff's] claims, the federal district court never had jurisdiction in the first place, and the state court properly should have heard arguments on Garmon preemption." (citing Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 49 (1998)).

## III.

In the instant case, the court finds that JetBroadband improperly removed to federal court. As explained above, on account of the NLRB's exclusive jurisdiction, this court has no original subject matter jurisdiction to adjudicate unfair labor claims arising under Sections 7 and 8 of the NLRA. Therefore, even assuming that Gilman's citation to 28 U.S.C. §§ 157 and 158(a) in Paragraph 9 of the Complaint constitutes an independent claim "arising under" Section 7 or 8 of the NLRA, the court cannot hear it. Such a claim would have to be adjudicated—if at all—by

the NLRB, and its inclusion in the Complaint does not provide a basis for JetBroadband to remove the NLRA claim pursuant to 28 U.S.C. § 1331 or a ground to remove the related state law claims pursuant to 28 U.S.C. § 1367.

Likewise, Garmon preemption fails to provide a valid basis to remove Gilman's state law claims to federal court as well. If Garmon preemption does apply, neither the Virginia State Court nor this federal district court has jurisdiction over the state law claims, as both courts must yield to the NLRB. The Virginia State Court must make this determination, however, and the possibility that Garmon preemption applies does not provide removal jurisdiction for this court.

Accordingly, without jurisdiction to hear either the purported NLRA claim and/or any preempted state law claims, the court finds that the case must be remanded to the Circuit Court for the City of Radford, Virginia for adjudication of any/all remaining issues.

### III.

For the reasons stated above, the court will **REMAND** the case back to the Circuit Court of Radford, Virginia pursuant to 28 U.S.C. § 1447 and **DENY** Defendant's Motion to Dismiss as moot. The Clerk of Court is directed to send a copy of this Memorandum Opinion and accompanying Final Order to counsel of record for the parties.

ENTER: This 9th day of July, 2009.

*/s/ James C. Turk*
Hon. James C. Turk
Senior United States District Judge